# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY

**MICHAEL BLANKENSHIP,**

    **Movant,**

v.                                                                          **Case No. 5:16-cv-05696**
                                                                         **Case No. 5:11-cr-00001**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 62) and the United States of America's Motion to Dismiss (ECF No. 69). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On January 4, 2011, Movant, Michael Blankenship (hereinafter "Defendant") was indicted on one count of possession with intent to distribute a quantity of methamphetamine (Count Six) and five counts of distribution of methamphetamine (Counts One through Five), in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). On May 23, 2011, Defendant entered a guilty plea, pursuant to a written plea agreement, to one count of distribution of a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1), as stated in Count Four of the indictment. (ECF Nos. 30-33). On August 31, 2011, Defendant was sentenced to 80 months in prison, which was to be served consecutively to an

undischarged West Virginia state sentence, followed by a three-year term of supervised release. A Judgment to that effect was entered on September 1, 2011. (ECF No. 55 at 2). Defendant's sentencing guideline calculation included an enhancement under section 4B1.1 of the United States Sentencing Guidelines ("USSG") for being a career offender, because he had two prior felony burglary convictions, which the district court determined were "crimes of violence" under USSG § 4B1.2. The career offender enhancement increased Defendant's guideline level to a 32 (before a three-level reduction for acceptance of responsibility), and his criminal history category to a VI, which raised his guideline range to 151-188 months of imprisonment. However, the presiding District Judge ultimately varied downward from the guideline range and sentenced Defendant to 80 months of imprisonment. Defendant did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015) ("*Johnson*"), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

On June 14, 2016, attorney Derrick W. Lefler was appointed to represent Defendant for the purpose of determining whether he is entitled to any relief under

2

*Johnson*. (ECF No. 60). Defendant, by counsel, filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on June 24, 2016. (ECF No. 62). The motion asserts in pertinent part as follows:

> 6.   Defendant submits that the residual clause found in the guidelines career offender provisions is also void for vagueness.
>
> 7.   In light of the application of *Johnson*, and the invalidation of the residual clause, the issue presented is whether defendant's predicate convictions qualify as crimes of violence under the remaining provisions of the career offender guideline, specifically the "Force" clause or the "Enumerated Offenses" clause. Defendant submits that the purported predicate offenses do not qualify under either clause.

(*Id.* at 2).[1]

On September 15, 2016, the United States of America filed a Motion to Dismiss (ECF No. 69), arguing that a collateral attack waiver contained in Defendant's plea agreement bars his *Johnson* claim. On October 25, 2016, the United States of America filed a Response to the section 2255 motion, as ordered by the court. (ECF No. 75). On December 5, 2016, Defendant filed a Response to the United States of America's Motion to Dismiss (ECF No. 76).[2]

## ANALYSIS

The court can quickly dispose of Defendant's claims that he is entitled to relief under the Supreme Court's decision in *Johnson*. Defendant argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of

---

[1] Although Defendant was not convicted under the ACCA, the career offender guideline under which he was sentenced contains a similar residual clause. Thus, Defendant asserts that the rationale of *Johnson* should be extended to the career offender guideline's residual clause.

[2] In light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), addressed *infra*, the undersigned finds it unnecessary to specifically address the arguments contained in these additional briefs, which pre-dated the Supreme Court's decision.

3

the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

In light of *Beckles*, any argument that the holding in *Johnson* also invalidates the residual clause of the career offender guideline is without merit. *See also United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017) (*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to ACCA's invalidated residual clause). Because *Johnson* is not applicable to Defendant's case, he has not demonstrated that the application of the career offender enhancement to his sentence resulted in a denial of due process or his right to a fair trial. Thus, he is not entitled to any relief under section 2255.[3]

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 62), **DENY AS MOOT** the United

---

[3] Because Defendant is not entitled to any substantive relief under *Johnson*, the undersigned finds it unnecessary to address the waiver argument contained in the United States of America's Motion to Dismiss (ECF No. 69).

States of America's Motion to Dismiss (ECF No. 69), and **DISMISS** the civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

September 17, 2018

Dwane L. Tinsley
United States Magistrate Judge